UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

SPRING WASHINGTON,

                  Plaintiff,

      v.

ROBERT MALMUD, et al,

                  Defendants.

_____

1:19-cv-05927-NLH-KMW

**OPINION**

**APPEARANCES**:

SPRING WASHINGTON
508 SINGLEY AVENUE, FLOOR 2
RUNNEMEDE, NJ 08078

    *Plaintiff appearing* pro se

KIMBERLY SAGINARIO
WILLIAM JAMES SIMMONS
LITTLER MENDELSON, P.C.
THREE PARKWAY
1601 CHERRY STREET, SUITE 1400
PHILADELPHIA, PA 19102

    *On behalf of Defendants Robert Malmud, Beth Dworkin, and Angela Littel*

**HILLMAN**, District Judge

    Plaintiff Spring Washington filed this suit against Defendants Robert Malmud, Beth Dworkin, Karen Bradley, and Angela Little, employees and former employees of Maximum Research, Inc., where Plaintiff has worked since 2015.

    Plaintiff, a 61-year old African American, Christian woman, alleges that she was both denied a promotion and demoted, and

that Defendants subjected her to disparate treatment, retaliation, and harassment, all due to her race, religion, and age.  (ECF No. 14 at 3-4).  On April 10, 2018, Plaintiff filed a Charge of Discrimination against Maximum Research with the Equal Employment Opportunity Commission ("EEOC"), alleging substantially the same forms of discrimination she alleges here. (Def. Ex. A).

The EEOC issued Plaintiff a "Dismissal and Notice of Rights" on September 24, 2018, informing her that the EEOC had closed the matter and that she had the right to pursue her claims in court.  (Def. Ex. B).  Plaintiff then filed a lawsuit against Maximum Research in the Eastern District of Pennsylvania on December 21, 2018.  (ECF No. 2).  The case was transferred to this Court on February 15, 2019, (ECF No. 9), after which Plaintiff filed a letter to the Court stating that she planned to file an Amended Complaint.  (ECF No. 12).

The case then sat unprosecuted for almost 9 months, until Plaintiff filed the operative Amended Complaint on November 8, 2019.  (ECF No. 14).  The Amended Complaint drops Maximum Research as a defendant, naming four individuals as defendants instead, and alleges in general terms violations of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967 ("ADEA") based on the actions described above.

2

Defendants have moved for dismissal of Plaintiff's claims. (ECF No. 25).  Plaintiff, in opposition, has filed two documents styled as "Motion to Vacate," (ECF No. 30 and 31), the first of which the Court interprets as her brief in opposition to the motion to dismiss; the second document, which appears to simply amend the first opposition brief, was filed after Plaintiff's deadline for opposing the motion and without the Court's leave, and accordingly will not be considered for the purposes of the present motion.  (ECF No. 31).  For the reasons expressed below, Defendant's motion will be granted and the claims will be dismissed with prejudice.

## Discussion

### A. Subject-Matter Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

### B. Legal Standards Governing Motions to Dismiss

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short

and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (first citing Conley v. Gibson, 355 U.S. 41, 47 (1957); Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994); and then citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Twombly, 550 U.S. at 563 n.8 (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Iqbal, 556 U.S. at 684 ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough

4

facts to state a claim to relief that is plausible on its
face.'" Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at
570).

In the case where a plaintiff is proceeding without
counsel, pro se complaints, "however inartfully pleaded, must be
held to less stringent standards than formal pleadings drafted
by lawyers." Estelle v. Gamble, 429 U.S. 97, 107 (1976). Pro se
litigants, however, "must still plead the essential elements of
[their] claim and [are] not excused from conforming to the
standard rules of civil procedure." McNeil v. United States,
508 U.S. 106, 113 (1993) ("[W]e have never suggested that
procedural rules in ordinary civil litigation should be
interpreted so as to excuse mistakes by those who proceed
without counsel."); Sykes v. Blockbuster Video, 205 F. App'x
961, 963 (3d Cir. 2006) (finding that pro se plaintiffs are
expected to comply with the Federal Rules of Civil Procedure).

A court in reviewing a Rule 12(b)(6) motion must only
consider the facts alleged in the pleadings, the documents
attached thereto as exhibits, and matters of judicial notice. S.
Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181
F.3d 410, 426 (3d Cir. 1999). A court may consider, however, "an
undisputedly authentic document that a defendant attaches as an
exhibit to a motion to dismiss if the plaintiff's claims are
based on the document." Pension Benefit Guar. Corp. v. White

Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). If any
other matters outside the pleadings are presented to the court,
and the court does not exclude those matters, a Rule 12(b)(6)
motion will be treated as a summary judgment motion pursuant to
Rule 56. Fed. R. Civ. P. 12(b).

   C. **Analysis**

      Plaintiff alleges a series of violations of Title VII and
the ADEA, alleging that she was passed up for promotions and
demoted due to her race, religion, and age, and also alleging in
general terms that she suffered disparate treatment,
retaliation, and harassment due to these same characteristics.[1]
Defendants argue that Plaintiff has failed to state a claim
under either Title VII or the ADEA because she has only sued
Defendants, a group of four individual employees, rather than
her employer, and because she has failed to plead facts
sufficient to state viable claims under either statute.

      Defendants are correct that "[n]either Title VII nor the
ADEA provides for individual liability." Parikh v. UPS, 491
Fed. Appx. 303, 308 (3d Cir. 2012). See also Emerson v. Thiel

---

[1] The Amended Complaint also briefly references 42 U.S.C. § 1983.
However, § 1983 claims require the defendant to be "acting under
color of state law." City of Oklahoma City v. Tuttle, 471 U.S.
808, 829 (1985).  Defendants are a group of private individuals
working for a private business, and Plaintiff does not allege
that they or their employer were acting under color of state
law.  Accordingly, to the extent Plaintiff intended to bring
§ 1983 claims against Defendants, those claims are dismissed.

College, 296 F.3d 184, 190 (3d Cir. 2002) ("[I]ndividual
employees are not liable under Title VII.") (citing Sheridan v.
E.I. DuPont de Nemours and Co., 100 F.3d 1061, 1077–78 (3d Cir.
1996) (en banc)); Hill v. Borough of Kutztown, 455 F.3d 225, 246
n. 29 (3d Cir. 2006) ("[T]he ADEA does not provide for
individual liability."). Plaintiff has not responded to this
argument or attempted to dispute the fact that Defendants are
all individuals rather than her employer. As Defendants cannot
be held liable under either statute, their motion to dismiss
will be granted.

While that finding is dispositive, the Court will also
briefly address the sufficiency of Plaintiff's factual
allegations. While the Amended Complaint does not specifically
break out the individual causes of action, the Court interprets
it to essentially allege five claims: (1) race discrimination
under Title VII related to her demotion, Defendants' failure to
promote her, and associated "harassment;" (2) religious
discrimination under Title VII for the same acts, (3) age
discrimination under the ADEA for the same acts; (4) retaliation
under Title VII; and (5) retaliation under the ADEA.

For the purposes of a motion to dismiss, Plaintiff need not
plead all of the *prima facie* elements of a discrimination or
retaliation claim at this stage, but still must "allege
sufficient facts to raise a reasonable expectation that

7

discovery will uncover proof of her claims." <u>Connelly v. Lane</u> <u>Const. Corp.</u>, 809 F.3d 780, 789 (3d Cir. 2016).  The Court similarly notes its duty to hold the complaint of a *pro se* plaintiff "to less stringent standards than formal pleadings drafted by lawyers." <u>Estelle</u>, 429 U.S. at 107.  Plaintiff, however, has failed to plead almost any facts at all, and accordingly has failed to state a claim under either Title VII or the ADEA.[2]

As a guidepost, the *prima facie* elements of claims for race, religion, and age discrimination under both statutes are the same: Plaintiff must show: "(1) she belongs to a protected class; (2) she suffered some form of adverse employment action; and (3) the adverse employment action occurred under circumstances that give rise to an inference of unlawful discrimination." <u>Barnett v. New Jersey Transit Corp.</u>, 573 F. App'x. 239, 243 (3d Cir. 2014) (citing <u>McDonnell Douglas Corp.</u> <u>v. Green</u>, 411 U.S. 792, 802 (1973)).  Although Plaintiff here has plead that she is a member of a protected class, based on

---

[2] As Defendants note, Plaintiff has attempted to cure the lack of factual allegations in her Amended Complaint by including extensive factual allegations and exhibits with the documents she filed in opposition to this motion.  However, a plaintiff may not amend her complaint through arguments in a brief. <u>Hall v. Revolt Media & TV, LLC</u>, No. 17-2217 (JMV) (MF), 2018 WL 3201795, at *3 (D.N.J. 2018) (citing <u>Com. Of Pa. ex rel.</u> <u>Zimmerman v. PepsiCo, Inc.</u>, 836 F.2d 173, 181 (3d Cir. 1988)).  Accordingly, the Court will not consider any facts not included in the Amended Complaint for the purposes of this motion.

her race, religion, and age, and that she suffered adverse employment actions in the form of a failure to promote her and a demotion, she has plead no facts whatsoever to show "an inference of unlawful discrimination." As Defendants note, Plaintiff has alleged nothing more to show that discrimination was at the root of these alleged actions than that she is African American, Christian, and 61 years old, and that Defendants are white and younger than her. Nor has she provided any detail regarding the alleged failure to promote her or her alleged demotion, or any explanation of how she was harassed. By failing to provide sufficient facts for the Court to begin assessing the plausibility of her claims, the Complaint does not state a valid claim under either Title VII or the ADEA.

Next, the *prima facie* elements of a retaliation claim under both Title VII and the ADEA are: "(1) [that she engaged in] protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." <u>Daniels v. School Dist. of Phila.</u>, 776 F.3d 181, 192–93 (3d Cir. 2015) (quoting <u>Marra v. Phila. Hous. Auth.</u>, 497 F.3d 286, 300 (3d Cir. 2007)). Here, Plaintiff has neither alleged that she was engaged in any protected activity, or provided any factual allegations showing a causal connection between any activity of

hers and any action taken by her employer.  As described above, Plaintiff has plead nothing more than that Defendants are white and younger than her, and that they "harassed" her and demoted or failed to promote her.  Without any other details or any allegation that she engaged in protected activity, Plaintiff has again failed to state a claim for retaliation under either Title VII or the ADEA.

Finally, on September 1, 2020, Plaintiff filed another letter with the Court, styled as a request for a continuance but mentioning that Plaintiff required more time for the drafting of additional factual allegations and claims, which the Court interprets as either a request for a continuance or a request for leave to file another amended complaint.  (ECF No. 34).  However, Plaintiff has already submitted her opposition to the present motion, so no further continuance related to this motion would be necessary or appropriate.  Similarly, while courts are generally expected to grant leave to amend freely, Fed. R. Civ. P. 15(a), the Court has already found that no viable claim could be brought against any of the defendants named here, so the filing of an amended complaint with additional factual allegations would be futile.  Accordingly, Plaintiff's request is denied.

**Conclusion**

Defendants request that the Court dismiss Plaintiff's claims with prejudice. (Docket No. 25 at 7).  As no viable claim can be brought under Title VII or the ADEA against the defendants named in this action, the Court finds that further amendment of the complaint would be futile, and will dismiss Plaintiff's claims with prejudice.

An appropriate Order will be entered.


Date: October 20, 2020                    /s Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

11